[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried before the court on January 4, 1996. The gravamen of the plaintiff's complaint is that the non-judicial tax sale conducted by the defendant, Tax Collector of the Town of Bethel, was defective because it failed to fully comply with the provisions of Connecticut General Statutes § 12-157.
The court, after due trial, makes the following findings of fact:
1. Sandra A. Petersen was Tax Collector of the Town of Bethel from October, 1988 to October, 1993.
2. In 1991, the property had an assessed value for tax purposes of $481,980, representing 70 percent of fair market value.
3. As of 1991, taxes in the amount of $30,124 were owed by the plaintiff.
4. Until January, 1990, plaintiff's office was located at Crow's Nest Lane, Danbury, Connecticut; thereafter, it was moved to Nature's Way, Darien, Connecticut, and a forwarding request was made to the Danbury Post Office.
5. Thereafter, plaintiff received tax bills, which he never paid, at the Darien address.
6. On or about October 10, 1991, a tax collector's demand letter was mailed to the plaintiff at both the Danbury and Darien addresses, and the plaintiff paid demand at the Darien address.
7. On November 19, 1991, the tax collector mailed notice of the sale to the plaintiff at both the Danbury and Darien addresses. Certified mail notices were sent to the first mortgagee and a subsequent lien holder.
8. Notice was posted on the sign post in front of the Bethel Town CT Page 3562 Hall.
9. Notice was published in the Danbury News-Times for three consecutive weeks.
10. On January 17, 1992, notice of the sale was recorded on the land records. On January 18, 1992, a tax sale was conducted and the defendants purchased the property for $115,000.
11. A tax collector deed was prepared and executed and held in escrow until January 21, 1993, when the deed was recorded on the Bethel land records.
12. The sum of $78,819.15 remains in the town's escrow account.
There is no question that the tax collector did not mail to the plaintiff via certified mail, return receipt requested, Notice of Sale of land for taxes.
The testimony of the tax collector, however, which this court believes, is that she did mail notice by regular mail to the plaintiff on November 19, 1991.
The statutes does not require that notice be sent by certified mail and the fact that encumbrancers may have waived notice by certified mail certainly does not impose any duty on the tax collector to send similar notice to the plaintiff.
The recordation on the land records was not in strict compliance with Connecticut General Statutes § 12-157, which requires recordation not more than ten weeks nor less than nine weeks of the sale date.
All other efforts to comply with the requirements of Connecticut General Statutes § 12-157 were done by the tax collector.
Failure to record on time does not, however, invalidate the transaction unless the plaintiff proves that notice of sale was not mailed to him and that he did not have actual knowledge of the sale. Clearly, the court believes that notice was sent to him and that he had actual knowledge. Connecticut General Statutes § 12-158, which is a savings clause, clearly corrected the technical error in recordation of the deed.
The relief requested by the plaintiff is denied. Judgment may enter for the defendant. The escrow money, including all the interest accrued CT Page 3563 presently in account No. 0003593046 at the First Fidelity Bank, pursuant to the stipulation of the parties, is to be paid over to the plaintiff.
Mihalakos, J.